BOB KANE, MARVIN JONES and JOHN F. KEMP, Sr., Appellants, *v.* SIERRA LINCOLN–MERCURY, Inc., a Nevada Corporation, Respondent.

No. 7344

March 27, 1975                    533 P.2d 464

*Flangas & Thompson,* Reno, and *Kermitt L. Waters,* Las Vegas, for Appellants.

*Hibbs & Bullis,* Reno, for Respondent.

## OPINION

By the Court, BATJER, J.:

In this appeal from a dismissal, without prejudice, of appellants' class action, we are asked to decide whether the district court erred in granting respondent's motion to dismiss based upon appellants' failure to fulfill the prerequisites of NRCP 23(a) and the additional requirements of NRCP 23(b).

This action arose out of alleged breaches of oral contracts of employment between appellants and respondent. Appellants' initial contracts called for mechanics to be paid 50 percent of respondent's labor charge to customers as well as 50 percent for factory warranty labor. According to the complaint respondent changed its payment policy for mechanics to an hourly wage while increasing its charges for labor to customers, resulting in the mechanics receiving less than 50 percent of the total labor charge as originally contracted for.

Appellants sued on behalf of themselves and every other person similarly situated. After respondent filed its answer and motion to dismiss, appellants moved to certify the class. The district court then entered its order allowing appellants to amend their complaint to eliminate their class action. They elected not to amend and filed notice of such election. On

March 2, 1973, the district court granted respondent's motion to dismiss without prejudice to appellants' right to bring their action as individuals. This appeal followed.

"The Rule [NRCP 23] requires a plaintiff who would institute a class action to satisfy the preconditions of 23(a), and also show that his action is appropriate under one of the three subdivisions of 23(b)." Johnson v. Travelers Insurance Co., 89 Nev. 467, 471, 515 P.2d 68 (1973). Of the 39 identified present and former employees, 17 of those individuals were terminated prior to July 11, 1969, the date respondent began paying its mechanics an hourly wage and increased labor charges to the customers. Of the 22 remaining mechanics only 9 were hired prior to July 1969, leaving 13 who were hired after the modification of the mode of compensation. Of the 9 remaining employees 4 have signed a written clarification of their understanding of the contract terms which expressly refutes the allegations of appellants' complaint.

The express language and intent of NRCP 23(a)(1) leaves no doubt that a class action may be maintained only if the class is so numerous that joinder of all members is impracticable. Here the class is far too small to justify a class action and on this basis alone the trial court properly dismissed the suit. Cf. Cook County College Teachers U., Loc. 1600, A.F.T. v. Byrd, 456 F.2d 882 (7th Cir. 1972), cert denied 409 U.S. 848 (1972); Sharp v. Hilleary Franchise Systems, 56 F.R.D. 34 (D.C.Mo. 1972); William Goldman Theatres, Inc. v. Paramount Film Dist. Corp., 49 F.R.D. 35 (D.C.Pa. 1969); Holly Springs Funeral Home v. United Funeral Service, 303 F.Supp. 128 (D.C.Miss. 1969); Moscarelli v. Stamm, 288 F.Supp. 453 (D.C.N.Y. 1968), all holding that the proposed class was not so numerous as to make joinder impossible.

Appellants have failed to meet the requirement of NRCP 23(a)(1). The judgment of the district court is affirmed. We need not consider whether appellants have met the additional requirements of NRCP 23(a) and NRCP 23(b).

GUNDERSON, C. J., and ZENOFF, MOWBRAY, and THOMPSON, JJ., concur.