A94A1371. HOWARD MOTOR COMPANY, INC. et al. v. SWINT et al.

(448 SE2d 713)

BIRDSONG, Presiding Judge.

We granted this interlocutory appeal to determine whether the trial court erred in denying separate trials to defendants Howard Motor Company, Inc. and John Howard in this suit for tortious assault and battery, invasion of privacy and intentional infliction of emotional distress. The five plaintiffs are women who at various times were employed by defendant Howard Motor Company. Each plaintiff individually alleges she was sexually harassed by defendant John Howard at different times and dates. The trial court ruled that, as evidence as to each plaintiff would be admissible as "similar transactions" in separate trials under OCGA § 24-2-3, the interests of judicial economy "dictate that the individual claims of plaintiffs not be severed." *Held*:

The trial court erred in denying defendants' motion for separate trials on the grounds that the plaintiffs allege "similar conduct" by John Howard "in similar situations of employment" and "evidence of [his] conduct would be admissible in separate trials."

The parties agree that they have found no Georgia decision on point. We find no need to advert to other law, for the language of our statute is plain. See *Telecom*USA v. Collins*, 260 Ga. 362, 363-364 (393 SE2d 235). Where the language of a statute is plain and unambiguous, the terms used therein should be given their common and ordinary meaning. *Capra v. Rogers*, 200 Ga. App. 131 (407 SE2d 101); *Sledge v. Employees' Retirement System of Ga.*, 196 Ga. App. 597, 598 (396 SE2d 550). OCGA § 9-11-20 (a) authorizes joinder of separate plaintiffs' claims if they arise out of the "*same* transaction, occurrence, or series of transactions or occurrences." (Emphasis supplied.) It does not authorize joinder of claims arising out of "similar" transactions. The fact that evidence of a similar transaction is admissible does not authorize joinder of claims involving the similar transaction.

The trial court, quoting from *McCrea v. Ga. Power Co.*, 46 Ga. App. 276, hn. 5 (167 SE 540), reasoned that "where . . . all the essential physical conditions on [two] occasions are identical . . . an inference that like causes will produce like results." This is a strong statement; if it is true at all, it is true only where "all the essential physical conditions on [two] occasions are identical." Even then the two occasions may not be the *same* occurrence, which is what the permissive joinder statute requires.

Further, quoting *Williams v. State*, 190 Ga. App. 646, 648 (381 SE2d 65), the trial court reasoned that in criminal cases evidence of similar offenses is admitted to show bent of mind and has been most

liberally extended in the area of sexual offenses. However, such liberality in admissibility of evidence in criminal cases is permitted because the high standard of proof as to criminal offenses may reduce the risk of prejudice to the defendant as to the offense charged. In a civil case the sheer weight of evidence, including evidence of damages and the number of plaintiffs, may overwhelm the defendants. The jury, being required to find a verdict as to each alleged victim and being influenced by the weight of the evidence, may render an all-or-nothing verdict.

There are many reasons why joinder based on "similarity" of underlying transactions is per se prejudicial, but it is not essential for defendants to prove prejudice for if joinder is not authorized by the plain language of the statute, no amount of judicial economy can justify it. Appellees' arguments that under a liberal interpretation of the statute to secure "just, speedy, and inexpensive determination of every action" (OCGA § 9-11-1), all the plaintiffs' claims arose out of the same series of transactions or occurrences because there is a "logical relationship," is without merit on its face. OCGA § 9-11-22 (a) provides the specific requirements for permissive joinder, and we are not permitted to ignore those requirements for the sake of liberality. Even under a liberal construction, the statutory requirement that an occurrence or series of occurrences be the *"same"* is obviously not satisfied by the fact that there is a "logical relationship" between them.

*Judgment reversed. Blackburn, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 17, 1994 —
RECONSIDERATION DENIED SEPTEMBER 21, 1994 —

*H. Lehman Franklin, Jr.,* for appellants.

*Franklin, Taulbee, Rushing & Bunce, Elizabeth F. Bunce,* for appellees.