A07A0177. LINCOLN ELECTRIC COMPANY et al. v. GAITHER et al.

(649 SE2d 823)

RUFFIN, Judge.

In ten lower court cases, over 350 plaintiffs, including Bobby Gaither, sued over forty companies, including Lincoln Electric Company, alleging that they were injured as a result of exposure to welding fumes. The defendants filed a consolidated motion to sever, arguing that the plaintiffs improperly joined their claims. The trial court denied the motion, and we granted the defendants' petition for interlocutory appeal. For reasons that follow, we reverse.

1. As a threshold matter, we must address a shortcoming with respect to the parties' citation to the record. Under our rules, references to the record should be indicated by specific volume or part of the record and by page number.[1] Notwithstanding this rule, the parties here cite only to the page number, omitting any reference to the volume. Given that the record in this case is comprised of over 20,000 pages contained in 40 volumes, the parties' references to only the page number have hampered our review. To exacerbate the situation, the appellant has failed to provide a single citation to the record to support the factual assertions in its statement of facts, which is a clear violation of our rules.[2] In view of the size of the record, we would be well within our rights to dismiss the appeal in its entirety.[3]

---

[1] See Court of Appeals Rule 25 (a) (1), (c) (3) (iii).

[2] See Court of Appeals Rule 25 (a) (1). We note, however, that the appellant does provide a few citations to the record in its "Statement of Proceedings Below."

[3] See Court of Appeals Rule 7 ("Breach of any rule of the Court of Appeals . . . subjects the offending party and/or attorney to contempt and may subject the appeal to dismissal.").

However, the lower court clerk has provided a detailed index, which has allowed us — with no small difficulty — to ascertain what transpired below. Accordingly, we will exercise our discretion and resolve the appeal on its merits. But we caution counsel that future violations of this magnitude will result in a finding of contempt.

2. The gravamen of the plaintiffs' complaint is that welding fumes are toxic and that the defendants, acting in concert, "ignored, or deliberately and fraudulently concealed" the dangerous nature of the fumes, resulting in harm to the plaintiffs. The plaintiffs sought to join their claims, asserting that since the defendants acted in concert, the harm was essentially one transaction and thus all claims flowing from it were properly joined under OCGA § 9-11-20. The defendants moved to sever, arguing that the numerous claims "involve[d] [p]laintiffs who worked [for] dozens of different employers, at different job sites, in different cities and states, at different times, with different welding products manufactured by different companies." The trial court apparently agreed with the defendants, as it found in its order that "it is doubtful that all of the plaintiffs['] claims in each action arise from the same occurrence or series of occurrences." However, the trial court permitted the cases to proceed pending completion of discovery. The defendants challenge this ruling on appeal.

The narrow issue presented on appeal is whether the plaintiffs in these cases are properly joined under Georgia's permissive joinder statute. This statute provides, in pertinent part, that

> [a]ll persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action.[4]

"In construing Georgia statutes, we apply the fundamental rules of statutory construction that require us to construe a statute according to its terms."[5] Under the plain language of this statute, permissive joinder is appropriate only when the actions arise out of the same transaction or occurrence or series of transactions or occurrences.[6] Given that the plaintiffs' claims arose from different exposure to different fumes on different dates, we fail to see how this can be

[4] OCGA § 9-11-20 (a).
[5] (Punctuation omitted.) *City of Rincon v. Couch*, 276 Ga. App. 567, 570 (2) (623 SE2d 754) (2005).
[6] See *Howard Motor Co. v. Swint*, 214 Ga. App. 682, 683 (448 SE2d 713) (1994).

considered the same occurrence or transaction or series of transactions or occurrences for purposes of joinder.[7] Rather, the claims are merely similar, involving common questions of law and fact, and thus could have been consolidated in accordance with OCGA § 9-11-42 (a). However, consolidation under this Code section requires the consent of all parties.[8]

Moreover, we cannot agree with the trial court's apparent decision to postpone ruling on the issue until discovery is complete. "To allow joinder of [the] plaintiff[s'] claims over objection by [the] defendant[s] is to disregard the first requirement for permissive joinder."[9] As this Court has held, "it is not essential for defendants to prove prejudice[,] for if joinder is not authorized by the plain language of the statute, no amount of judicial economy can justify it."[10] It follows that the trial court abused its discretion in denying the defendants' motion for severance.[11]

*Judgment reversed. Blackburn, P. J., concurs. Bernes, J., concurs in the judgment only.*

DECIDED JULY 12, 2007.

*Winkler & DuBose, C. Wilson DuBose, Chilivis, Cochran, Larkins & Bever, Anthony L. Cochran, King & Spalding, Randall J. Butterfield, Gambrell & Stolz, Jennifer G. Cooper, Balch & Bingham, James L. Hollis, Swift, Currie, McGhee & Hiers, Charles B. Marsh, Kenneth M. Barre, Weinberg, Wheeler, Hudgins, Gunn & Dial, John M. Hawkins, Nall & Miller, Robert B. Hocutt, Childers, Buck & Schlueter, Robert C. Buck, Drew, Eckl & Farnham, Stevan A. Miller, Owen, Gleaton, Egan, Jones & Sweeney, Charles J. Cole, Alston & Bird, Andrew M. Gibson, C. Ronald Ellington, for appellants.*

*Matthews & Steel, John D. Steel, for appellees.*

---

[7] See id. at 682; *Brinks, Inc. v. Robinson*, 215 Ga. App. 865, 865-867 (1) (452 SE2d 788) (1994).

[8] See OCGA § 9-11-42 (a); *Paulsen Street Investors v. EBCO Gen. Agencies*, 224 Ga. App. 507, 511 (481 SE2d 246) (1997).

[9] *Brinks*, supra at 867.

[10] (Punctuation omitted.) Id.

[11] See id.; *Howard Motor Co.*, supra.