## A08A0430. EARTHLINK, INC. v. EAVES et al.
### (666 SE2d 420)

JOHNSON, Presiding Judge.

In this internet service agreement dispute, the defendant appeals from the trial court's judgment granting the plaintiffs' motion for class certification, disallowing the defendant to file counterclaims against two named plaintiffs and absent class members, and holding that Georgia law applies to all of the plaintiffs' claims, including the conversion and unjust enrichment claims. For the reasons that follow, we affirm the trial court's grant of class certification, affirm in part and reverse in part the ruling disallowing the counterclaims, and affirm the decision to apply Georgia law.

EarthLink provides internet access to its subscribers. Some subscribers sign a contract for a minimum term, usually 12 months. Those contracts provide that subscribers who terminate their contracts before the term ends must pay an early termination fee ("ETF"). The ETF is $149 for digital subscriber line ("DSL") service, and $399 for satellite service.

Subscribers Deborah Eaves, William O'Hara, and David Tegart, on behalf of themselves and others similarly situated, sued Earth-Link asserting claims of breach of duty of good faith and fair dealing, unconscionability, unjust enrichment, and conversion. The plaintiffs contended the ETFs are unenforceable penalties imposed to deter cancellation rather than to compensate EarthLink for actual or estimated costs it incurs as a result of early termination.

The plaintiffs moved for class certification, and EarthLink moved for judgment on the pleadings and for leave to file individual counterclaims against Eaves and O'Hara. After a hearing, the trial court granted the plaintiffs' motion and denied EarthLink's motions. The trial court also ruled that EarthLink could not assert any counterclaims against absent class members. The court then transferred the case to the court's business case division for resolution of the remaining matters. EarthLink appeals.

1. EarthLink contends the court erred in certifying the class under OCGA § 9-11-23 (b) (3), when individual issues predominate, one of the named plaintiffs lacks standing, and class treatment is not the superior method of adjudicating the controversy. This argument presents no basis for reversal.

Under Georgia law, a case may proceed as a class action if all prerequisites of OCGA § 9-11-23 (a) are satisfied: numerosity, commonality, typicality, and adequacy, and if at least one ground of OCGA § 9-11-23 (b) is satisfied. In its appellate brief, EarthLink does not enumerate as error the trial court's finding that OCGA § 9-11-23 (a) was satisfied. We therefore need not address that issue.

OCGA § 9-11-23 (b) provides, in relevant part, that an action may be maintained as a class action if the prerequisites of OCGA § 9-11-23 (a) are satisfied and: (1) the prosecution of separate actions would create a risk of inconsistent adjudications or would impair other parties' ability to protect their interests; (2) the defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or declaratory relief with respect to the whole class; or (3) questions of law or fact common to members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.[1]

When we review a trial court's decision on a motion to certify a class, the trial judge's discretion in certifying or refusing to certify a class is to be respected unless that discretion has been abused.[2] No abuse of discretion appears in the trial court's decision to certify the class in this case.[3]

Here, the questions of law or fact common to class members predominate over those affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The plaintiffs challenge the legality of EarthLink's ETF contract provision, namely, whether the ETF provision violates Georgia law because it is an unlawful penalty rather than a permissible liquidated damages provision. The class includes all EarthLink customers who are subject to being assessed a fee for canceling their service. Questions common to class members clearly predominate over any questions affecting only individual members. The legality of the ETF will be assessed on a class-wide basis, and the answer will not vary with each class member.[4]

---

[1] Note that because OCGA § 9-11-23 is similar to Federal Rule of Civil Procedure 23, Georgia courts look to federal authority when construing our statute. See *State Farm &c. Ins. Co. v. Mabry*, 274 Ga. 498, 499 (1) (556 SE2d 114) (2001).

[2] *State Farm &c. Ins. Co.*, supra at 499-500 (1) .

[3] See id.

[4] Compare *Carnett's v. Hammond*, 279 Ga. 125, 129 (4) (610 SE2d 529) (2005) (trial court did not abuse discretion in denying class certification where answer to common question may vary with each class member and is determinative of whether member is properly part of class).

We note that the need for individual damage calculations does not defeat class certification, so long as the liability inquiry presents common legal issues.[5] Here, the plaintiffs seek remedies which will be standard and formulaic across the class: those who have paid will get a refund, and those under a threat of being assessed the ETF will receive injunctive relief against enforcement of the contract provision. The need for individual calculation of damages does not defeat class certification, so long as the liability inquiry presents common legal issues.[6]

We disagree with EarthLink's assertion that Eaves lacks standing because she did not pay the ETF. In fact, EarthLink did charge the fee to her credit card, although Eaves later disputed the charge and her creditor credited the fee back to her charge account. While EarthLink points to an employee affidavit asserting that it does not attempt to call or refer to collection agencies those subscribers who successfully refute and have the fee charged back, that those subscribers have a zero balance, that Eaves has a zero balance, and that EarthLink has not collected the fee from Eaves, EarthLink has declined to state that it will not collect the fee from her or other customers. Under the circumstances, we are not persuaded that Eaves lacks standing to represent the class.[7]

Furthermore, the court did not abuse its discretion in finding superiority in handling the case as a class action. The issue is not whether a class action will be difficult to manage. Instead, the trial court is to consider the relative advantages of a class action suit over other forms of litigation which might be available.[8] As the trial court stated, there is simply no need to burden either the court system or the individual class members by requiring each member of the class to pursue his or her own action to recover a relatively small amount of damages.[9] The trial court did not abuse its broad discretion in deciding to certify the class.[10]

2. Because the trial court did not abuse its discretion in certifying a class pursuant to OCGA § 9-11-23 (b) (3), we need not determine whether the court erred in finding the class could alternatively be certified pursuant to OCGA § 9-11-23 (b) (1) and (b) (2).

---

[5] See, e.g., *UNUM Life Ins. Co. &c. v. Crutchfield*, 256 Ga. App. 582, 584 (568 SE2d 767) (2002); *Allapattah Svcs. v. Exxon Corp.*, 333 F3d 1248, 1261 (11th Cir. 2003).

[6] UNUM, supra.

[7] Compare *Duffy v. The Landings Assn.*, 254 Ga. App. 506, 508 (1) (563 SE2d 174) (2002) (trial court's order upholding the denial of class certification affirmed where named plaintiffs never paid fee at issue).

[8] *Klay v. Humana, Inc.*, 382 F3d 1241, 1269 (11th Cir. 2004).

[9] See *Trend Star Continental v. Branham*, 220 Ga. App. 781, 782 (1) (469 SE2d 750) (1996).

[10] See id.

3. EarthLink contends the court erred in holding that it waived the right to file counterclaims of set-off and recoupment against absent class members. We agree.

EarthLink moved for leave to file a counterclaim of set-off or recoupment against named plaintiffs Eaves and O'Hara. It also reserved the right to assert counterclaims against all class members if a class were certified. The trial court denied the motion, stating that EarthLink waived the right to any counterclaim — even against class members who were not parties to the action at the time the motion for leave was filed — by not asserting compulsory counterclaims in the original answer or moving to assert counterclaims against the class. The court added that EarthLink failed to make the showing required for omitted counterclaims pursuant to OCGA § 9-11-13 (f).[11]

It is true that OCGA § 9-11-13 (a) requires parties to include compulsory counterclaims at the time of the service of their initial pleading, and that EarthLink failed to do so. However, counterclaims are compulsory only for opposing parties.[12] Absent class members have been held not to be opposing parties for the purposes of compulsory counterclaims.[13] If the counterclaims are not compulsory, they need not be asserted in the initial pleading.[14] In addition, a counterclaim is not compulsory when there is no jurisdiction.[15] There is no jurisdiction over absent class members until the court certifies a class.[16] Since the class had not been certified at the time EarthLink reserved its right to assert the counterclaims in this case, the trial court erred in holding that EarthLink waived any counterclaim it had against absent class members.

4. EarthLink argues that the trial court erred in denying its motion for leave to file individual counterclaims against plaintiffs Eaves and O'Hara about one and a half years after filing an answer. The court did not abuse its discretion in denying the motion.

OCGA § 9-11-13 (f) permits a party to add a compulsory counterclaim, in the court's discretion, only upon a showing of "oversight,

---

[11] OCGA § 9-11-13 (f) provides: "When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he may by leave of court set up the counterclaim by amendment."

[12] OCGA § 9-11-13 (a).

[13] See *Allapattah Svcs.*, supra at 1259, n. 14. Although *Allapattah* is a federal case, OCGA § 9-11-13 (a) is nearly identical to Rule 13 of the Federal Rules of Civil Procedure. As noted in footnote 1 above, we look to federal authority for guidance in interpreting our statute where Georgia authority is less than clear on the issue. See *Tenneco Oil Co. v. Templin*, 201 Ga. App. 30, 31 (1) (410 SE2d 154) (1991).

[14] See OCGA § 9-11-13 et seq.

[15] *Lester v. Goodyear Tire & Rubber Co.*, 156 Ga. App. 171 (1) (274 SE2d 143) (1980); OCGA § 9-11-13 (a).

[16] *Bayshore Ford Truck Sales v. Ford Motor Co.*, 471 F3d 1233, 1245 (11th Cir. 2006).

inadvertence, or excusable neglect, or when justice requires." Earth-Link moved for leave based on the "when justice requires" factor. We agree with the plaintiffs that EarthLink failed to demonstrate that "justice requires" the filing here. A late counterclaim may be rejected where, as here, the party had knowledge of the existence of the claim when the defensive pleadings were filed.[17] While no class had yet been certified, EarthLink was aware of the existence of the basis for its counterclaim against the named plaintiffs at the time it filed its answer. Whether justice requires the grant of leave to set up an omitted counterclaim is a matter which addresses itself to the sound discretion of the trial court.[18] Leave to amend may be denied where, as here, a party's motion for leave to add a counterclaim comes long after the initial pleading is filed.[19] We find no abuse of discretion in the trial court's decision.

5. EarthLink contends the trial court erred in holding that Georgia law governs not only the breach of contract claims, but the claims of conversion and unjust enrichment. We agree with the trial court.

The agreement at issue states: "This Agreement is governed by Georgia law without regard to conflict of law provisions." It states further: "The federal and state courts located in Atlanta, Georgia alone have jurisdiction over all disputes arising out of or related to this Agreement and the Service."

EarthLink's standard contract seeks to impose Georgia law on its customer relationships. All of the plaintiffs' claims concern the legality of a standard provision of EarthLink's contract. The plaintiffs seek relief that is contractual in nature, and do not seek punitive damages or other relief typically associated with a noncontractual case. Thus, there is nothing overreaching or unfair about applying Georgia law to all class members on all claims. In fact, that is the result contemplated by EarthLink's own contract. Moreover, Earth-Link has failed to show how the result would be any different for class members in this case on a state-by-state basis.[20] Absent such a showing, Georgia law controls.[21]

Finally, Georgia has a significant contact or aggregation of contacts to the claims asserted by each member of the class.[22] Among other things, EarthLink is based in Georgia and has deliberately

---

[17] See *Adderholt v. Adderholt*, 240 Ga. 626, 628 (1) (242 SE2d 11) (1978).

[18] *White v. Fidelity Nat. Bank*, 188 Ga. App. 539, 540 (1) (373 SE2d 640) (1988).

[19] See *Swim Dixie Pool Corp. v. Kraemer*, 157 Ga. App. 748, 748-749 (278 SE2d 448) (1981).

[20] See *J.M.I.C. Life Ins. Co. v. Toole*, 280 Ga. App. 372, 377 (2) (c) (634 SE2d 123) (2006).

[21] Id.

[22] See *Phillips Petroleum Co. v. Shutts*, 472 U. S. 797, 821-822 (105 SC 2965, 86 LE2d 628) (1985).

availed itself of Georgia law, EarthLink's own contract seeks to impose Georgia law on its customers, and the plaintiffs have agreed to the application of Georgia law and have not challenged venue. Accordingly, this enumeration is without merit.

*Judgment affirmed in part and reversed in part. Barnes, C. J., and Phipps, J., concur.*

DECIDED JULY 11, 2008 —
RECONSIDERATION DENIED JULY 28, 2008 —

*McKenna, Long, & Aldridge, David Balser, Nathan L. Garroway, Tracy L. Klingler*, for appellant.
*Page Perry, David J. Worley, Stites & Harbison, Leslie G. Toran*, for appellees.