A09A1368. BANKS-JACKSON-COMMERCE HOSPITAL AND NURSING HOME AUTHORITY v. FLOYD et al.
(684 SE2d 274)

JOHNSON, Presiding Judge.

On June 10, 2008, Stephanie Floyd, Karen Hunter, Billy Ray Hawkes, and Debra Kraft filed a joint complaint against the Banks-Jackson-Commerce Hospital and Nursing Home Authority, d/b/a BJC Medical Center (the "Hospital"), Dr. Douglas K. Ash, and

---

[20] *Hawkins v. State*, 175 Ga. App. 606, 610 (2) (333 SE2d 870) (1985).
[21] *Fincher v. State*, 276 Ga. 480, 482 (3) (578 SE2d 102) (2003).

Commerce Surgical Associates, LLC. The plaintiffs alleged that Dr. Ash was negligent in his medical treatment of them and that he misrepresented their medical condition in order to obtain their consent to undergo surgery. The plaintiffs alleged that the Hospital negligently provided Dr. Ash with credentials to work at the Hospital, that it negligently supervised Dr. Ash, and that its credentialing of Dr. Ash created a private nuisance. Finally, the plaintiffs alleged that each of the defendants engaged in concerted racketeering activities, through a pattern of making false statements and performing surgery without valid consent, in violation of OCGA § 16-14-1 et seq.

The Hospital filed a motion to sever the claims of each of the four plaintiffs, asserting that their claims did not "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" as required by OCGA § 9-11-20 (a). The trial court denied the Hospital's motion to sever, and we granted an application for interlocutory appeal. Because the trial court erred in denying the Hospital's motion, we reverse.

> OCGA § 9-11-20 (a) authorizes joinder of separate plaintiffs' claims if they arise out of the "*same* transaction, occurrence, or series of transactions or occurrences." (Emphasis supplied.) It does not authorize joinder of claims arising out of "similar" transactions. The fact that evidence of a similar transaction is admissible [as evidence in separate trials] does not authorize joinder of claims involving the similar transaction.[1]

Here, the appellees' claims arise out of "similar" but not the "same" transactions or occurrences. Each appellee presented to Dr. Ash with different clinical indications, and they each allege different damages arising out of different medical treatment provided by Dr. Ash on different dates throughout 2006 and 2007. Because the appellees' claims arise out of transactions or occurrences that are merely similar, they do not meet the requirements for joinder under OCGA § 9-11-20 (a). While the claims involve common questions of law and fact and could have been consolidated in accordance with OCGA § 9-11-42 (a), consolidation under that Code section requires the consent of all parties.[2]

In addition, joinder under OCGA § 9-11-20 (a) is not authorized

---

[1] *Howard Motor Co. v. Swint*, 214 Ga. App. 682 (448 SE2d 713) (1994).

[2] See *Lincoln Elec. Co. v. Gaither*, 286 Ga. App. 558, 560 (2) (649 SE2d 823) (2007) (physical precedent only).

merely because the appellees included "unifying" causes of action in their complaint, such as the Hospital's allegedly negligent decision to provide Dr. Ash with credentials to work at the Hospital. For each of the appellees, the individualized medical treatment provided by Dr. Ash serves as the predicate event for the ability to recover against the Hospital, and their claims, therefore, "aris[e] out of" that treatment.[3] Given that the appellees' claims arise out of separate medical treatment by Dr. Ash that did not constitute "the same transaction, occurrence, or series of transactions or occurrences," joinder was improper under OCGA § 9-11-20 (a), and the trial court erred in denying the Hospital's motion to sever.

*Judgment reversed. Ellington and Mikell, JJ., concur.*

DECIDED AUGUST 20, 2009 —
RECONSIDERATION DENIED SEPTEMBER 24, 2009

*Huff, Powell & Bailey, Jeffrey D. Braintwain, Anna B. Fretwell*, for appellant.

*Cook, Noell, Tolley & Bates, J. Vincent Cook, Robert C. Irwin III, McClure, Ramsay, Dickerson & Escoe, John A. Dickerson*, for appellees.

---

[3] See *Ray v. Scottish Rite Children's Med. Center*, 251 Ga. App. 798, 800 (555 SE2d 166) (2001) (although negligent retention claim was based on hospital's act of negligence, the claimed damages still "arose out of" the care rendered by the physician).