**SECOND DIVISION**
**RICKMAN, P. J.,**
**GOBEIL and DAVIS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**March 12, 2026**

# In the Court of Appeals of Georgia

A25A2111. 1280 WEST CONDOMINIUM ASSOCIATION, INC. et al. v. ALLAN et al.

DAVIS, Judge.

1280 West Condominium Association, Inc. (the "Association") imposed an assessment against its constituent condominium homeowners to pay for repairs after the balconies of many units were severely damaged. After paying the assessment, the homeowners filed this lawsuit against the Association seeking refunds, alleging that the Association should have filed a claim with its insurer for the damage before imposing the assessment. The trial court granted the homeowners' motion to certify a class action under OCGA § 9-11-23(a), and the Association seeks review of that order, raising numerous challenges to the class certification. We ultimately discern no

abuse of discretion by the trial court in certifying a class action, and we therefore affirm.

> Trial courts are vested with broad discretion to decide whether to certify a class, and absent an abuse of that discretion, we will not disturb the trial court's decision. And we will affirm the trial court's factual findings unless they are clearly erroneous.

*City of Roswell v. Bible*, 351 Ga. App. 828, 830(1) (833 SE2d 537) (2019) (quotation marks omitted).

The record at this stage of the proceedings shows that the Association operates the 1280 West Condominiums building in Midtown Atlanta. In 2016, the Association imposed an assessment against its condominium homeowners in amounts between $5,000 to $7,000 to repair damage to the building's balconies. The Association contended that the damage to the balconies was caused by normal wear and tear of the concrete, and the Association did not submit any claim to its insurer for the damage before imposing the assessment. Most of the homeowners paid the assessment. However, the Association had an inspection performed by TEC Structural Engineering Services, and an engineer determined that the damage was caused by water intrusion into the grout pockets used to embed the handrails. Based on this

evidence, one homeowner, Adriane Friedl, successfully filed a claim for the balcony damage under the Association's insurance policy.

Many of the remaining homeowners filed this lawsuit against the Association as well as individual directors of the Association, seeking a refund of the assessment based on the Association's failure to submit a claim to its insurer for the damage to the balconies under theories of negligence, breach of fiduciary duty, and breach of the condo declaration. The homeowners filed a motion to certify a class of "[e]ach resident or owner of the 1280 West Condominiums who is: (1) a resident of Georgia; and (2) was assessed for the balcony repairs at the 1280 West Condominiums." The homeowners also proposed that the class exclude "Adriane Friedl and any other individual that ... filed a timely insurance claim for their balcony damage under the associations' insurance." Following a hearing, the trial court granted the motion for class certification. This appeal followed.[1]

The Association raises seven enumerations of error to the trial court's certification order, arguing that (1) the proposed class is not adequately defined or clearly ascertainable; (2) the numerosity requirement is not met; (3) the commonality

---

[1] See OCGA § 9-11-23(g) (providing that orders granting class certification are directly appealable to this Court).

requirement is not met; (4) the typicality requirement is not met; (5) the class is not adequately represented; (6) the predominance requirement is not met; and (7) the superiority requirement is not met. The majority of the Association's arguments are based on the common theme that class certification was not proper in this case without the trial court first determining which homeowners had the damage to their balconies caused by water intrusion (and, therefore, a hypothetically successful insurance claim) and which ones did not. We ultimately reject all of the Association's arguments and conclude that the trial court did not abuse its discretion by certifying the class.

In order to certify a class, the trial court must find that "(1) [t]he class is so numerous that joinder of all members is impracticable; (2) [t]here are questions of law or fact common to the class; (3) [t]he claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) [t]he representative parties will fairly and adequately protect the interests of the class." OCGA § 9-11-23(a). "In addition, the trial court must determine that one of the grounds listed in OCGA § 9-11-23(b) is satisfied." *City of Roswell*, 351 Ga. App. at 831(1). Here, the trial court concluded that class certification was appropriate under OCGA § 9-11-23(b)(3)

because it found that "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

Crucially, "in determining the propriety of a class action, the first issue to be resolved is not whether the plaintiffs have stated a cause of action or may ultimately prevail on the merits, but whether the requirements of OCGA § 9-11-23 (a) have been met." *City of Roswell*, 351 Ga. App. at 830(1). Thus, "merit-based disputes are not ripe for resolution at the class certification stage, particularly where no dispositive motions have been filed, argued, or ruled on below, and merits discovery has not concluded." Id. at 832–33(2).

1. *Ascertainability*. Generally, to support a class action, trial courts should determine whether the class is "adequately defined and clearly ascertainable[,]" that is, the class is "capable of being determined." *Atlanta Impound, Inc. v. Attia*, 374 Ga. App. 765, 767, 768(a) (913 SE2d 869) (2025).[2] "[A] class definition is necessary only

---

[2] "Although no form of the word ascertainability appears in the rule, the text includes what is implicit. And ascertainability—at least as traditionally understood—is an implied prerequisite to the requirements of [Federal Rule of Civil Procedure] 23(a)." *Cherry v. Domestic Corp.*, 986 F3d 1296, 1302–03(III)(B) (11th Cir. 2021). And

to establish that the class does, in fact, exist and that its members will be identifiable." *City of Roswell*, 351 Ga. App. at 834(3).

Here, the proposed class includes all condominium homeowners at the 1280 West Condominiums that paid an assessment to the Association to cover the balcony repairs, and the members of that group can be easily and precisely determined by looking at the Association's records. The Association argues that this class definition is overbroad because it is not tied to or related to the Association's activities, but here, the class definition is limited to individuals that have paid an assessment to the Association and who did not receive an insurance payout to cover the assessment, thereby tying the definition of the class to the Association's actions. See *Resource Life Ins. Co. v. Buckner*, 304 Ga. App. 719, 732(3)(a) (698 SE2d 19) (2010) (concluding that class of all residents of the United States who held certificates of life and/or disability insurance and whose "underlying debt terminated before coverage expired but who have not received a full refund of their unearned premiums" was ascertainable) (citation modified). And while the Association argues that the class is not

---

"[b]ecause OCGA § 9-11-23 is based on Rule 23 of the Federal Rules of Civil Procedure, it is appropriate that we look to federal cases interpreting that rule for guidance." *Atlanta Impound, Inc.*, 374 Ga. App. at 767 n.4 (citation modified).

ascertainable because the plaintiffs cannot ultimately prove their claims or prove which plaintiffs have suffered water damage or not,[3] as noted above, it is not the role of the trial court to assess the merits of the case at the class certification stage. See *City of Roswell*, 351 Ga. App. at 830(1). "Thus, because it is supported by some evidence, the trial court's finding that the class members could be ascertained in a manageable fashion must be affirmed." *Resource Life Ins. Co.*, 304 Ga. App. at 732(3)(a).

2. *Numerosity*. "Under Georgia law, there is no minimum number of class members required to meet the requirements of OCGA § 9-11-23 (a) (1). However, impracticability of joinder is generally presumed if the class includes more than 40 members." *City of Roswell*, 351 Ga. App. at 833(3) (quotation marks omitted). There is no dispute that the number of individuals who were assessed for the balcony damages exceeds 40 members. The Association asserts that the numerosity

---

[3] To the extent the Association argues that the homeowners have admitted that it is impossible to "ascertain" which plaintiffs have suffered water damage and which have not, we note that the statement to which the Association points was an argument by the plaintiffs that the Association spoliated evidence by failing to preserve documentation about the damage to the balconies. Rather than an admission that they cannot prove whether the damage to the balconies was caused by water or by normal wear and tear, we read the plaintiffs' statement as instead further detailing the harm that they have suffered due to the Association's failure to timely submit an insurance claim for the damage and thus have a more in depth coverage investigation.

requirement is not met because less than 40 members will ultimately be able to prove that they suffered water damage, but again, it is not the role of the trial court to assess the merits of the case at the class certification stage. Thus, this argument is not a basis to defeat class certification.

3. *Commonality*.

It is well settled that commonality is a relatively low bar of proof and even a single common question will do. Still, it is the plaintiff's burden to show that there are questions of law or fact common to the class. The common contention must be of such a nature that it is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke. Indeed, what matters to class certification is the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation. Generally, this requires the plaintiff to demonstrate that the class members have suffered the same injury.

*Rice v. Fulton County*, 370 Ga. App. 353, 356(3)(a) (897 SE2d 491) (2024) (citations modified).

Here, there are common questions of fact to all the class members in determining whether the Association and its directors had breached their fiduciary duties and/or their responsibilities under the condo declaration by failing to file the

8

claim for damage to the balconies with their insurer before proceeding to make the repairs. The Association again argues that the homeowners' claims are not common because each case will turn on whether each homeowner can successfully prove that the damage to their balcony was caused by water damage. However, the homeowners' negligence and breach of fiduciary duty claims against the Association and the directors are based in part on allegations that, by proceeding to perform the repairs on the balconies without providing notice to the insurer, they prevented a more thorough coverage investigation as to whether the damage was even caused by water in the first place. These claims are also based in part on allegations that the Association and its directors misrepresented in their general statements to the homeowners at large, written and otherwise, that the balcony damage was caused by normal wear and tear and that the balcony damage was not an insurable loss, thereby further stymying the homeowners from pursuing their own claims with the insurer.[4] These determinations

---

[4] We note that "[i]n general, claims of fraud based upon oral misrepresentations are not appropriate for class treatment because the reliance element must be proved factually for each individual class member." *Life Ins. Co. of Ga. v. Meeks*, 274 Ga. App. 212, 217–18(3)(b) (617 SE2d 179) (2005). However, "the simple fact that reliance is an element in a cause of action is not an absolute bar to class certification. In claims of fraud based upon written representations, the reliance element may sometimes be presumed." *Liberty Lending Servs. v. Canada*, 293 Ga. App. 731, 741(4) (668 SE2d 3) (2008). Here, the plaintiff homeowners alleged in their complaint that they had a

will in every case turn on the knowledge of the Association and its directors when conducting the balcony repair project because the homeowners contend that the Association had enough knowledge to submit all of the damage to the insurer and then have a more rigorous investigation and adjustment by the insurer.

Thus, the trial court concluded that the homeowners' claims are not necessarily dependent on whether they would have received a favorable decision from the insurer because, by failing to even file a claim in the first place, the Association has blocked the homeowners from invoking any rights or benefits under the insurance policy, such as the right to challenge the decision with the insurer. The Association fails to grapple with the trial court's logic. And to the extent that the resolution of each homeowner's claim requires an individualized damages analysis based on whether there was water damage, "no matter how individualized the issue of damages may be, determination of damages may be reserved for individual treatment with the question of liability tried as a class action." *Rice*, 370 Ga. App. at 357(3)(a); *SunTrust Bank v. Bickerstaff*, 349 Ga. App. 794, 802(2) (824 SE2d 717) (2019) ("[I]t is well established that the need

---

fiduciary relationship with the Association and its directors, and this relationship is the same for all of the class members.

10

for individual damage calculations does not defeat class certification, so long as the liability inquiry presented common legal issues.") (citation modified).

4. *Typicality*. "The typicality requirement is satisfied if the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory. Put another way, a class representative must possess the same interest and suffer the same injury as the class members." *Atlanta Impound, Inc.*, 374 Ga. App. at 771(b)(iii) (quotation marks omitted). "This test is not demanding and is satisfied if the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory." *City of Roswell*, 351 Ga. App. at 834-35(4) (quotation marks omitted). Here, as discussed more thoroughly in Division 3, because the class members essentially have identical legal theories against the Association with substantially the same facts, the trial court did not abuse its discretion in determining that the typicality requirement was met.

5. *Adequate Representation.* The Association argues that the homeowners' counsel cannot adequately protect the interests of the class as required by OCGA § 9-11-23(a)(4) due to a conflict of interest. Specifically, the Association argues that

counsel was Friedl's romantic partner and a resident of the Association, and, while not a member of the class, will be a necessary fact witness giving rise to a conflict under Georgia Rule of Professional Conduct 3.7. This argument is a non-starter.

"The so-called adequacy requirement is intended to protect the legal rights of absent class members. Thus, in assessing the adequacy of the class representatives, a trial court should examine whether the representatives' attorneys are experienced and competent in the legal issues involved." *Atlanta Postal Credit Union v. Holiday*, 367 Ga. App. 168, 183(2)(d) (885 SE2d 196) (2023).

Georgia Rule of Professional Conduct 3.7(a) provides that "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client." This Court has explained that "[t]he party moving for disqualification of a lawyer under Rule 3.7 has the burden of showing that the lawyer is likely to be a necessary witness by demonstrating that the lawyer's testimony is relevant to disputed, material questions of fact and that there is no other evidence available to prove those facts." *Clough v. Richelo*, 274 Ga. App. 129,

132(1) (616 SE2d 888) (2005). "[I]n determining whether a lawyer's testimony is necessary, a court should consider, inter alia, what issues the testimony will address and whether other evidence is available to prove the same point, because disqualification is not required if the lawyer's testimony will be merely cumulative of other evidence." Id. at 133(1).

The Association argues that, as a resident of the complex, counsel will be a necessary fact witness regarding (1) the water intrusion into his unit; (2) the facts surrounding Friedl's claim; (3) the events and arguments that occurred at various Association meetings; and (4) the existence of alleged flooding that could cause an insurable loss. The Association, however, has failed to articulate how counsel is a *necessary* witness such that these facts cannot be proven through other evidence. The facts and details of these situations can potentially be proven through Friedl's testimony, the testimony of others present at the meetings, and other documentary evidence. See *Tara Anna, LLC v. Freihofer Transp., Inc.*, 922 SE2d 130, 136-38(1)(a) (2025) (concluding that attorney's disqualification was not necessary where other witnesses and evidence could prove the existence of disputed facts); *Schaff v. State*, 304 Ga. App. 638, 640–42(1) (697 SE2d 305) (2010) (reversing a disqualification order

because the mother and attorney's assistant were both present for the event and could testify to the circumstances surrounding a child's statement to the attorney); *Martinez v. Housing Auth. of DeKalb County*, 264 Ga. App. 282, 288(5) (590 SE2d 245) (2003) (concluding that attorney's disqualification was not warranted because there were other witnesses who could testify about the events at issue and, therefore, the attorney's testimony was not necessary). Because counsel is not a necessary witness under Rule 3.7, there is no conflict of interest requiring his disqualification, and he is capable of adequately representing the class.

6. *Predominance.*

> The Rule 23 (b) (3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation. Class plaintiffs may satisfy this requirement by showing that issues subject to class-wide proof predominate over issues requiring proof that is unique to the individual class members. In considering whether common questions will predominate, we look to the specific claims asserted.

*City of Roswell*, 351 Ga. App. at 831(2) (quotation marks omitted).

Here, the plaintiffs raise claims of negligence, breach of fiduciary duty, and breach of the condominium declaration. The claims of negligence and breach of fiduciary duty all share a common core of facts concerning the knowledge of the

directors and the Association concerning its decision to impose an assessment instead of submitting the matter to the insurer. See *Brenntag Mid South, Inc. v. Smart*, 308 Ga. App. 899, 906(2)(b)(i) (710 SE2d 569) (2011) ("[W]here the defendant's liability can be determined on a class-wide basis because the cause of the disaster is a single course of conduct which is identical for each of the plaintiffs, a class action may be the best suited vehicle to resolve such a controversy[.]") (citation modified). Additionally, the homeowners' breach of contract claims all arise from the breach of the same declaration concerning the same collective set of events. See *City of Roswell*, 351 Ga. App. at 831(2) ("[We have previously held that similar claims arising from the breach of a single contract present a classic case for treatment as a class action.").

The Association again argues that the individual issues concerning whether the damage to each balcony was caused by water rather than normal wear and tear predominate. However, "minor variations in amount of damages do not destroy the class when the legal issues are common." *Liberty Lending Servs. v. Canada*, 293 Ga. App. 731, 740(2) (668 SE2d 3) (2008). But even here, there will nevertheless be substantial common pieces of evidence to show this: the TEC Structural Engineering Services survey and the opinion of its engineer forms the primary basis for the

15

determination of the cause of the damage to the balcony, and there appears to be a common question of evidence based on the homeowners' allegation that the Association spoliated evidence by repairing the balconies without preserving evidence of what caused the damage. See *Rice*, 370 Ga. App. at 358–59(3)(b) (looking at the evidence supporting the plaintiffs' claims to conclude that common issues predominated).

Accordingly, we cannot say that the trial court abused its discretion by concluding that the common issues predominated over the individual issues.

7. *Superiority*. For the superiority requirement of OCGA § 9-11-23(b)(3), "[t]he issue is not whether a class action will be difficult to manage. Instead, the trial court is to consider the relative advantages of a class action suit over other forms of litigation which might be available." *EarthLink, Inc. v. Eaves*, 293 Ga. App. 75, 77(2) (666 SE2d 420) (2008). The trial court concluded that the common questions of liability would be "better pursued in one action rather than in a multiplicity of actions and a single action would more efficiently adjudicate claims which are individually small, as here." Given the facts in the record and the discussion above concerning the common elements of the homeowners' claims, the trial court did not abuse its discretion by

making this determination. See id. ("[T]here is simply no need to burden either the court system or the individual class members by requiring each member of the class to pursue his or her own action to recover a relatively small amount of damages."); see also *Brenntag Mid South, Inc.*, 308 Ga. App. at 907(2)(b)(ii) (class action was the superior vehicle to handle claims that all arose from a single occurrence and course of events).

Accordingly, we affirm the trial court's decision to certify the class of homeowners in this case.

*Judgment affirmed. Rickman, P. J., and Gobeil, J., concur.*