**FIRST DIVISION**
**BARNES, P. J.,**
**BROWN and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 21, 2022**

# In the Court of Appeals of Georgia

A22A1140. PRIDE MEDICAL, INC. et al. v. JOHN DOE et al.

BROWN, Judge.

In the second appearance of these parties before this Court, Pride Medical, Inc., Pride Medical Services, P. C., Lee Anisman, M. D., David Morris, M. D., Amy Swartz, M. D., and Charles Dickey (collectively "the defendants"), appeal from the trial court's order certifying a class action brought by John Doe Nos. 1 through 4 (collectively "the plaintiffs"), as well as an order sanctioning the defendants for violating discovery orders. For the reasons explained below, we reverse the trial court's certification of the class but affirm its sanctions order.

As we explained in the first appearance of this case before this Court, the plaintiffs brought this case seeking class action certification after Lee Anisman, M. D., the CEO of Pride Medical, Inc., e-mailed a spreadsheet containing the names and

HIV status of 379 proposed class members listed as patients on the spreadsheet to several people at several publications with whom the defendants advertised. *Pride Med. v. Doe*, 339 Ga. App. XXV (Case No. A16A1456, decided November 10, 2016) ("*Pride Medical I*"). The plaintiffs asserted claims for invasion of privacy, breach of confidential relationship and fiduciary duty, violation of OCGA § 24-12-20 (prohibiting disclosure of confidential HIV/AIDS information), negligence, gross negligence, wrongful disclosure of confidential information, breach of contract, medical malpractice, breach of OCGA § 51-1-6 (right to recover damages for breach of legal duty), punitive damages, and attorney fees and costs under OCGA § 13-6-11. In *Pride Medical I,* we vacated the trial court's order certifying the class because its findings of facts and conclusions of law were not sufficiently specific. Id. Following the return of the case to the trial court, the trial court entered a 40-page order certifying the following class with regard to all claims brought by the plaintiffs other than the invasion of privacy claim: "All individuals identified in the HIV/AIDS Patient List whose protected Health Information was disclosed by Defendants without their authorization to third parties by disclosure of the HIV/AIDS Patient List."

1. *Certification of the Class.* The defendants argue that the trial court erred when it concluded that the class had sufficient commonality, typicality, and adequacy of representation as required by OCGA § 9-11-23 (a) (2) - (4). When reviewing a trial court's order certifying a class action, we must keep in mind that

> [b]ecause class actions represent an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only, such actions are permitted only in the limited circumstances described in OCGA § 9-11-23. Thus, while the decision to certify a class is a matter committed to the discretion of the trial court, any exercise of that discretion must comport with the requirements of the statute. The party seeking to represent a class bears the burden of proving to the trial court that class certification is appropriate under the statute, and certification is appropriate only to the extent that the trial court is satisfied, after a rigorous analysis, that the statutory requirements have been satisfied.

(Citation and punctuation omitted.) *Bowden v. The Med. Center*, 309 Ga. 188, 192-193 (II) (1) (a) (845 SE2d 555) (2020). If a "plaintiff fails to meet even one of the threshold requirements of OCGA § 9-11-23 (a), there is no need to consider any of the other requirements of the statute, and the request for certification must fail." Id. at 194 (II) (1) (b).

(a) *Adequacy of Representation.* The defendants assert that the trial court erred by concluding that the class representatives can adequately represent the class. OCGA § 9-11-23 (a) (4) mandates that "[t]he representative parties will fairly and adequately protect the interests of the class." "Subsection (a) (4) is colloquially referred to as the adequacy requirement" and "is intended to protect the legal rights of absent class members." *Lewis v. Knology, Inc.*, 341 Ga. App. 86, 90 (1) (799 SE2d 247) (2017). "Because all members of the class are bound by the res judicata effect of the judgment, a principal factor in determining the appropriateness of class certification is the forthrightness and vigor with which the representative party can be expected to assert and defend the interests of the members of the class." (Citation and punctuation omitted.) Id.

In this case, the trial court concluded after "a thorough and rigorous examination of the [p]laintiffs' deposition transcripts and the other evidence in this case, . . . that the representative parties will fairly and adequately protect the interests of the class, and the [p]laintiffs' interests are not antagonistic to those of the class." Although the trial court's order notes that the plaintiffs "have not requested any individualized remedy," such as emotional distress damages, it did not address

4

whether the decision not to seek those damages impacted the ability of the plaintiffs to fairly and adequately protect the interests of the class.

The record shows that in the original complaint (filed on February 26, 2014) through the second amended complaint (filed on June 1, 2015), the plaintiffs sought "compensatory damages . . . in an amount to be determined at trial." In a deposition taken on March 16, 2015, John Doe No. 1 testified that he suffered no financial or pecuniary loss as a result of the e-mailing of the spreadsheet. Instead, he testified that he became very nervous, uncomfortable, and fearful about his very private medical information getting out and causing harm to him professionally, personally, and financially. John Doe Nos. 2 - 4 also testified that they suffered from emotional distress and anxiety as a result of the dissemination of the spreadsheet.

On July 13, 2015, the plaintiffs filed a brief in opposition to the defendants' motion to deny class certification in which they asserted that they "have sufficiently demonstrated a common 'injury' and sufficient damages to justify class treatment, and have alleged damages including not only emotional injury but pecuniary damage, punitive damage and class-wide injunctive relief." They further asserted that

> the proposed class members suffered damages in a number of ways. These damages will include pecuniary loss (e.g., mental pain and

suffering, adverse effects on reputation, costs of outside treatment, actual or nominal costs of treatment by Defendants due to breach of contract) and emotional damage suffered. . . .

In the July 20, 2021 hearing on class certification following this Court's remand of this case to the trial court for entry of an order with sufficiently specific findings of fact and conclusions of law, the plaintiffs' counsel took a different tack:

> The one issue that has been raised by the defendants, throughout this case and in defense of the class action is that plaintiffs, that is, the individual plaintiffs, could have varying level of emotional damages. I need to be very clear with the Court, that in this case, we're not seeking emotional damages on behalf of any plaintiff.

In their brief before this Court, the plaintiffs also assert that class certification is appropriate, in part, because "*any claim for emotional damages has been unequivocally waived by [the plaintiffs]*." (Emphasis in original.)

In *Lewis*, this Court noted in dicta that an "attempt to alter the remedy in order to avoid losing class certification is itself evidence of a conflict between [the plaintiffs] and the [absent] class" members. 341 Ga. App. at 92 (1), n.10. In a federal district court case addressing adequacy of representation, the plaintiff chose "to seek only the cost of medical testing rather than traditional damages for emotional

6

distress" and the court concluded that he had thereby "created an insurmountable conflict between his own interests and that of the class he wishes to represent." *Rader v. Teva Parenteral Medicines*, 276 FRD 524, 529 (II) (6) (D. Nev. 2011). The district court reasoned that the plaintiff

> cannot be allowed to represent a class, where, as here, he has opted to pursue certain claims on a classwide basis while jeopardizing the class members' ability to subsequently pursue other claims. Because Plaintiff here seeks to "throw away" recovery for emotional distress damages that could be a major component of each class member's recovery, he is not an adequate class representative . . . and thus certification is inappropriate.

(Citation and punctuation omitted.) Id. See also *Serrano v. Cintas Corp.*, No. 04-40132, 2009 U.S. Dist. LEXIS 26606 (III) (B) (4) (E.D. Mich. March 31, 2009) (plaintiffs not adequate class members where they limited compensatory damages of absent class members to a nominal amount and certification of class could preclude ability of certain class members from pursuing full award of compensatory damages, including emotional damages).

Having considered the evidence before the trial court with regard to the damages sought by the plaintiffs in this particular case, we conclude that it abused its discretion by finding that the plaintiffs could fairly and adequately represent the class.

7

(b) Having concluded that the plaintiffs failed to meet the adequacy requirement for certification of a class action, we need not address whether they satisfied the commonality and typicality requirements of OCGA § 9-11-23 (a), and the remaining enumerations of error on appeal with regard to class certification are rendered moot.

2. *Propriety of Discovery Sanctions*. The defendants assert seven grounds for reversal of the trial court's order imposing discovery sanctions. As these grounds fail to show that the trial court clearly abused its discretion in imposing the discovery sanction of attorney fees and expenses, we affirm.

*Applicable Law Regarding Discovery Sanctions*

OCGA § 9-11-37 (b) (2) authorizes a trial court to impose a variety of sanctions if "a party fails to obey an order to provide or permit discovery." "[A] very broad discretion is granted judges in applying sanctions against disobedient parties in order to assure compliance with the orders of the courts." (Citation and punctuation omitted.) *Joel v. Duet Holdings*, 181 Ga. App. 705, 707 (353 SE2d 548) (1987). "[T]his Court will not reverse a trial court's decision on such matters unless there has been a clear abuse of discretion." (Citation and punctuation omitted.) *Mincey v. Dept. of Community Affairs*, 308 Ga. App. 740, 747 (2) (708 SE2d 644) (2011).

8

"[I]mposition of a sanction for failure to comply with discovery provisions of the Civil Practice Act does not require that a party displays, and the trial court finds, actual wilfulness; instead, it requires at least a conscious or intentional failure to act, as distinguished from an accidental or involuntary non-compliance." *Howard v. Alegria*, 321 Ga. App. 178 (1) (739 SE2d 95) (2013). "The presence or absence of willfulness remains relevant in the choice of sanction." (Citation and punctuation omitted.) *Mayer v. Interstate Fire Ins. Co.*, 243 Ga. 436, 437 (1) (254 SE2d 825) (1979).

"Once a motion for sanctions has been filed, their imposition cannot be precluded by a belated response made by the opposite party." *Bryant v. Nationwide Ins. Co.*, 183 Ga. App. 577, 578 (359 SE2d 441) (1987). Moreover,

> [w]here a motion for sanctions is brought under OCGA § 9-11-37 (b) (2) for a party's failure to comply with an order compelling answers to [discovery], the existence or nonexistence of wilfulness should be considered not only in the context of the time period prescribed in the order compelling answers, but in the context of the entire period beginning with service of [the discovery] and ending with service of answers. Events transpiring during this entire time period are probative of whether appellant acted with conscious indifference to the consequences of failure to comply with the order compelling answers.

9

(Citation and punctuation omitted.) *Didio v. Chess*, 218 Ga. App. 550, 551 (462 SE2d 450) (1995).

*Order Compelling Discovery*

The record in this case shows that on October 31, 2017, the plaintiffs served a "Second Request for Production of Documents and Notice to Produce" that was separate from their "Second Interrogatories to Defendants." On December 2, 2020, the trial court granted the plaintiffs' motion to compel and ordered the defendants to

> provide amended responses to Plaintiffs' second interrogatories and requests for production of documents in full, including the production of all responsive documents within 30 days of the date of entry of this order. . . . Defendants may not assert objections based on claims of privilege relating to the privacy interests of potential class members. They may not assert objections based on relevance or burdensomeness. In response to each document production request Defendants will state specifically whether responsive documents currently exist or existed at some point in the past in any format. To the extent any documents are withheld, Defendants will provide a privilege log identifying the legal basis for withholding the documents and identifying each document withheld.

It is undisputed that the defendants did not produce any responsive documents by Monday, January 4, 2021. Instead, at 7:07 p.m. on the last day for compliance,

10

they filed a motion for additional time to comply with the document production order through February 1, 2021. Despite the clear language of the December 2, 2020 order, the defendants asked that they not be required to produce documents relating to absent class members without their written consent. On January 15, 2021, the plaintiffs moved the trial court to find the defendants in contempt. On February 10, 2021, the court scheduled a hearing on the motions.

*March 2021 Hearing*

A new trial judge assigned to the case held a hearing on March 3, 2021, during which counsel for the defendants asserted it would take "a minimum of three months" to produce *all* of the documents as ordered in the December 2, 2020 order, even though in January they had requested an extension only through February 1, 2021. Counsel acknowledged that he had "thousands of e-mails, all of the spreadsheets that they want, all of the office policies and procedures that they want, all of just about every single thing, except for thousands of more e-mails" ready to produce that day.

Defense counsel represented in the hearing and in its brief to this Court that it had timely supplemented its written response to the request for production of documents after the December 2, 2020 order. The record citations provided in the defendants' brief, however, are to their supplemental response to the interrogatories,

11

not the request for production of documents. Although we are not obligated to cull the record on behalf of a party, we found a "Rule 5.2 Certificate of Service of Discovery" that states "Defendants' Supplemental Responses and Objections to Plaintiffs' Second Request for Production of Documents and Notice to Produce," which was served by e-mail on January 4, 2021. The supplemental response itself does not appear to be in the voluminous record before us.

The plaintiffs' counsel pointed out in the hearing that the case had been pending since 2014, the document request since 2017, and not a single document had been produced by the defendants. At one point in the hearing, the trial court noted, "[s]o you already said on the record that you stand here today prepared to provide voluminous documents in response to their request. I don't know why they have not been provided [already]. . . . [Y]ou don't withhold everything until you get what you want . . . and then show good faith." At the conclusion of the hearing, the trial court granted the defendants an additional 30 days to fully comply with Judge Russell's discovery order and instructed the defendants to produce the documents counsel had said were ready within two days. It also reserved ruling on the motion for contempt, stating "I may find them ultimately in contempt and assess them some level of

attorney fees for the delay, but we will see where we are on the 31st date and come back then, if we need to, because maybe they fully complied, and we don't need to."

*April 2021 Hearing*

On April 13, 2021, the parties appeared before the trial court for a compliance hearing on the discovery issues. The plaintiffs' counsel explained that the defendants produced the entire e-mail archives for all relevant persons *except* for the person who had forwarded the list of HIV patients to third parties (Dr. Anisman) and whose conduct was at the heart of the case. Additionally, the defendants redacted documents without providing the ordered privilege log, failed to produce any documents relating to communications with insurers or disclose that no such documents existed, dumped the entire medical paper record for 180 individuals rather than just the requested privacy notices, and did not produce privacy notices for all class members as the remainder had electronic medical records.[1] At the conclusion of the hearing, the trial court ordered the defendants to fully comply with the December 2, 2020 order in its entirety, fully produce insurance documents and correspondence, provide a privilege

[1] The defendants' counsel represented in the April hearing that due to duplication in spreadsheets only 211 patients were putative class members as opposed to 379 as asserted by the plaintiffs' counsel. At the next compliance hearing in May, the defendants' counsel acknowledged that he was incorrect and that there were many more putative class members as the plaintiffs' counsel had stated.

13

log of redacted information (requested in the original discovery request and ordered in the 12/2/2020 order), segregate privacy notice records for each putative class member, produce Dr. Anisman's AOL and Gmail accounts in native format, and identify categories of documents not within their possession. It once again reserved ruling on the motion for contempt and sanctions and ordered that a compliance hearing take place one month later.

*May 2021 Filing*

On May 17, 2021, the day before the next scheduled compliance hearing, defense counsel filed a motion asserting for the first time that the written order entered by the trial court on April 20, 2021, should be limited to the scope of discovery ordered by the trial court in its December 2, 2020 and March 12, 2021 orders. While acknowledging that the trial court ruled in the April 13, 2021 hearing that e-mails from Dr. Anisman's personal accounts be produced, the defendants' counsel asked that the portion of the order requiring production of the entirety of Dr. Anisman's e-mail accounts be modified because it was beyond the scope of Plaintiffs' Second Request for Production of Documents. Despite also asking for additional time

14

to respond, counsel nonetheless produced the entirety of Dr. Anisman's e-mail accounts around 9:00 p.m. the evening before the hearing.[2]

*May 2021 Hearing*

The plaintiffs' counsel explained during the May 18, 2021 hearing that it was hard for them to evaluate what was still outstanding as documents and links to the entirety of Dr. Anisman's e-mail accounts were provided late the night before the hearing. Counsel had determined that a privilege log for redacted documents had still not been produced, along with the privacy notice records for all putative class members, the number of which defense counsel admitted was more than he had represented in the April 2021 compliance hearing. Additionally, defense counsel had not supplemented the written responses to the discovery requests, particularly with regard to documents that no longer existed. Finally, the plaintiffs' counsel advised the judge that he learned during a deposition the day before that defense counsel's representations earlier in the case about the defendants' inability to obtain documents from a hard drive due to an employee's military service were false.

---

[2] In the previous hearing, defense counsel represented that it was impossible to produce Dr. Anisman's e-mails in native format.

At the conclusion of the hearing, the trial court once again took the issue of sanctions under advisement and scheduled yet another compliance hearing. At one point in the hearing, the court stated that the defendants

> have moved at a snail's pace. Judge Russell enters an order, I'm inheriting this, okay, and each time I've had a hearing I'm being told, yeah, we got this, we didn't get this, we didn't get that.
>
> This case has been going on since 2014, so everyone knows what documents are at issue and what documents are needed, so there is no reason for us to be seven years later still talking about documents. There is no reason for that.

Although it ordered the defendants to produce additional categories of documents within ten days (May 28, 2021) during the hearing, its written order to that effect was not entered until June 21, 2021 nunc pro tunc. In this order, the court found "that Defendants have failed to comply with the [c]ourt's previous orders."

*June and July 2021 Filings*

On June 7, 2021, defense counsel served a "Third Supplemental Response and Objections to Plaintiffs' Second Request for Production of Documents and Notice to Produce." On July 16, 2021, the defendants filed a supplemental response to the motion for contempt contending that sanctions should be denied because they had

now fully complied with the Second Request for Production of Documents and Notice to Produce.

*July 2021 Hearing*

In the final hearing addressing discovery issues, plaintiffs' counsel pointed out that the defendants' third supplemental response (June 7, 2021) to their Second Request for Production of Documents and Notice to Produce violated the December 2, 2020 order in several respects: it continued to assert objections that a request was overly broad and burdensome or not relevant; continued to assert privacy objections; and failed to provide a complete and accurate privilege log. At the conclusion of the hearing, the trial court took the issue under advisement.

*Grant of Sanctions*

On October 12, 2021, the trial court informed the parties via e-mail that it would be granting the motion for sanctions but only as to the alternate request for reasonable attorney fees and expenses incurred for discovery following entry of the December 2, 2020 order to compel. On December 6, 2021, the plaintiffs' counsel submitted a proposed order, as instructed by the trial court in its October e-mail. The trial court granted defense counsel's request to submit comments on the proposed order. On December 17, 2021, defense counsel submitted a response to the proposed

order and asked that a hearing be scheduled on the proposed order. On January 20, 2022, the trial court entered the 17-page order presented by the plaintiffs' counsel verbatim without holding a hearing. The order outlines the history of the plaintiffs' attempts to get documents responsive to their Second Request for Production of Documents and Notice to Produce, an accurate privilege log, and supplemental written responses from the defendants, as well as the multiple court hearings and orders outlined above. In its conclusion, the trial court stated:

> This case has been pending for seven years, and, despite having resolved the issue of protected health information, relevance, and burdensomeness, Defendants continued to raise arguments about them. Despite seven years of litigation, this case has barely progressed. The [c]ourt's orders have been unambiguous. Defendants and the attorneys advising them willfully failed to obey the [c]ourt's [o]rders to provide discovery.

> Accordingly, pursuant to OCGA § 9-11-27 (b) (2), the [c]ourt grants the Plaintiffs' alternative request for sanctions and awards reasonable attorney fees and expenses incurred since the entry of Judge Russell's order on December 2, 2020, as they relate to the discovery issues . . . . The [c]ourt will hold a hearing on the amount to be awarded on [a later date].

18

(a) *Alleged Compliance with December 2, 2020 Order*. The defendants contend that the trial court erred in granting sanctions because they "timely served supplemental interrogatory and RPD responses as ordered. (V8.1797)." The record citation provided by the defendants shows only a timely supplemental response to the Second Interrogatories on January 4, 2021, *not* the Second Request for Production of Documents. As this supplemental response does not otherwise appear in the record before us, we cannot determine whether, even if timely, it fully complied with the trial court's December 2, 2020 order with regard to prohibited objections and a privilege log. Moreover, it is undisputed that the defendants failed to produce *any* documents responsive to the request until after the March 2021 hearing even though some were available for production at an earlier time and defense counsel had previously requested an extension only through February 1, 2021. This argument presents no grounds to conclude that the trial court abused its discretion in awarding sanctions.

(b) *Alleged Mootness of Motion for Contempt*. The defendants assert that because they were granted an extension of time to produce documents in the March 2021 hearing, the contempt motion was rendered moot. The defendants fail to acknowledge that the trial court (a judge newly assigned to the case and hearing the discovery issues for the first time) reserved ruling on the motion for contempt in the

19

March 2021 hearing and in its order granting the extension of time. Indeed, the trial court warned at the end of the hearing that it might "find them ultimately in contempt and assess them some level of attorney fees for the delay. . . ." Under these particular facts and circumstances, we decline to find that the trial court's grant of the extension rendered the motion for sanctions moot.[3]

(c) *Trial Court's Order Refers to Allegedly Irrelevant Events*. The defendants contend that the majority of the sanctions order inappropriately refers to events before and after its alleged failure to produce documents within 30 days of the December 2, 2020 order. This argument ignores that the defendants served their last supplemental discovery response on June 7, 2021, and that "[e]vents transpiring during [the] entire time period [from service of the discovery request through service of answers to discovery] are probative of whether appellant acted with conscious indifference to the consequences of failure to comply with the order compelling answers." (Citation and punctuation omitted.) *Didio*, 218 Ga. App. at 551. Accordingly, the trial court's

_____

[3] The cases cited by the defendants are inapposite because they do not address the trial court's reservation of a ruling on a request for sanctions. See *Capital Floors v. Furman*, 351 Ga. App. 589, 597-598 (4) (831 SE2d 522) (2019) (trial court's grant of motion for reconsideration and placement of case on jury trial calendar rendered demand for jury trial on issue of damages following default moot); *Sawyer v. Sawyer*, 253 Ga. App. 619 (3) (560 SE2d 86) (2002) (grant of summary judgment motion mooted by dismissal of complaint based upon insufficient service).

consideration of events outside the period advocated by the defendants was appropriate.

(d) *Adoption of Order Prepared by the Plaintiffs' Counsel*. The defendants complain that the trial court did not prepare its own order, adopted the order prepared by the plaintiffs' counsel verbatim, and failed to grant a hearing before adopting the proposed order. None of these arguments presents an independent ground to reverse the trial court's award of discovery sanctions.

While the verbatim adoption of proposed orders is disfavored, "[o]ur Supreme Court has made clear that a trial court's adoption of an order proposed by a party is not an independent ground for reversing the order. See *Fuller v. Fuller*, 279 Ga. 805, 806 (1) (621 SE2d 419) (2005)." *Hughes v. Cornerstone Inspection Group*, 336 Ga. App. 283, 284 (1) (784 SE2d 116) (2016). The defendants cite a 1975 federal decision for the proposition that the trial court should have held yet another hearing before entering the proposed order imposing discovery sanctions. See *Keystone Plastics v. C&P Plastics*, 506 F2d 960, 962 (5th Cir. 1975). While this decision outlines an ideal technique for the adoption of orders prepared by counsel, the Fifth Circuit nonetheless applied the ordinary standard of review for the trial court's order and affirmed, despite the trial court not having followed the ideal technique. Id. at

963, 965. As the defendants have cited no law, Georgia or otherwise, mandating a hearing before entry of a counsel-prepared order, we too will apply the ordinary standard of review of the sanctions order.

(e) *Sanctions Allegedly Outside Scope of December 2, 2020 Order.* The defendants contend that sanctions could only be imposed for violations of the December 2, 2020 order and that the plaintiffs failed to prove a violation of the December 2, 2020 order with regard to Dr. Anisman's e-mails. This argument is without merit as it completely ignores that the trial court imposed three subsequent discovery orders. OCGA § 9-11-37 (b) (2) authorizes a trial court to impose sanctions when "a party fails to obey an order to provide or permit discovery." See also *NRD Partners II v. Quadre Investments*, Ga. App. (2) (875 SE2d 895) (2022).

(f) *Attorney-Client Privilege.* In the portion of their argument related to the trial court's alleged error in awarding sanctions, the defendants assert in a subheading that the trial court forced the defendants to produce attorney-client privileged e-mails without due process. Their three-sentence argument under this subheading cites no legal authority supporting the alleged "due process" violation and fails to link it to the propriety of the trial court's award of sanctions. Instead, they cite generally to OCGA § 9-11-26 (b) (1) for the proposition that "[a]ttorney-client communications are

22

beyond the scope of discovery." They also fail to explain why they did not assert the attorney-client privilege with regard to documents within the scope of the order and list them on the privilege log. The order of which they complain stated that the defendants "will produce a privilege log for all redactions on documents produced by them." Having considered the defendants' assertion to the best of our ability given the scant argument and citation to legal authority, we find that it presents no grounds to conclude that the trial court abused its discretion by awarding sanctions.

(g) *Alleged Lack of Evidence to Support Sanctions*. The defendants assert generally that they have been sanctioned without "record proof" and that the discovery order contains "few record citations." The defendants point to no case law requiring "record citations" in a trial court's order awarding discovery sanctions, and we decline to impose such a requirement. Their assertion that there is no evidence showing a violation of any discovery order rests entirely on one instance of an alleged discovery violation that the defendants claim they rebutted in the July 20, 2021 hearing. This argument has no merit because, as outlined above, other ample evidence supports the trial court's decision to award attorney fees and expenses as a sanction. For example, the defendants produced no documents in response to the December 2, 2020 order compelling discovery, sought an extension of time to respond only

through February 1, 2021, and failed to produce any documents before the March 2021 hearing, even though numerous documents were available for production. They also sought to take advantage of a new judge assignment by relitigating issues that already had been decided, such as the appropriateness of various objections to discovery. In violation of repeated discovery orders, they redacted documents without providing a privilege log and failed to timely produce documents relating to all putative class members. They also failed to fully supplement their written discovery responses as directed. In their last supplemental discovery response filed days before the final compliance hearing, they continued to assert objections in violation of court orders and failed to provide a complete and accurate privilege log. Based on the entirety of the record before the trial court, we cannot say that the trial court clearly abused its discretion by imposing a moderate sanction for violation of its discovery orders (attorney fees and expenses as opposed to striking the defendants' answer). The discovery requests at issue were served in 2017, and multiple compliance hearings were required to assist the plaintiffs in obtaining the requested discovery.

*Judgment affirmed in part and reversed in part. Barnes, P. J., and Hodges, J., concur.*